```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WALTER LAMAISON, on behalf of            :
ANTONIA LAMAISON,                        :
                                         :          **SUMMARY ORDER**
                    Petitioner,          :
                                         :          07-CV-443 (DLI)(VP)
              -against-                  :
                                         :
UNITED STATES DEPARTMENT OF              :
IMMIGRATION AND                          :
NATURALIZATION,¹                         :
                                         :
                    Respondent.          :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

In May 2002, Antonia and Walter Lamaison pled guilty in the United States District Court for the Southern District of Florida to conspiracy to possess with intent to distribute cocaine. (*See generally* Decl. of Margaret Kolbe in Opp'n to Pet.) Antonia, a citizen of Italy, was ordered deported to Italy on March 6, 2006 by a Connecticut Immigration Judge as a result of her narcotics conviction. (*Id.* at 2–3.) On January 26, 2007, while incarcerated in the Metropolitan Detention Center-Brooklyn (the "MDC") pursuant to his guilty plea, Walter filed a *pro se* petition for a writ of habeas corpus on behalf of Antonia, challenging her deportation on ineffective assistance of counsel grounds.²

---

[1] Although petitioners named the "United States Department of Immigration and Naturalization" as the respondent to this action, no such agency exists. On March 1, 2003, the former Immigration and Naturalization Service ("INS") ceased to exist, and its functions were transferred from the Department of Justice to the Department of Homeland Security ("DHS"). United States Immigration and Customs Enforcement ("ICE") is the agency within DHS tasked with the enforcement functions previously entrusted to the INS.

[2] (*See* Pet. at 3.) It should be noted that Walter Lamaison has since been released from the MDC, and this Court has no contact information for either him or Antonia Lamaison.

The court holds a *pro se* petitioner's submissions to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, the court will interpret the instant petition to raise the strongest arguments that it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

The government correctly asserts that Walter lacks standing to attack the lawfulness of Antonia's deportation Order. *See Manbeck v. Micka*, 640 F. Supp. 2d 351, 368 n.16 (S.D.N.Y. 2009) (collecting cases for the proposition that one spouse may not sue on behalf of the other); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1293 (10th Cir. 2001) (family members of deported alien do not have constitutionally protected interest); *Garcia v. Boldin*, 691 F.2d 1172, 1183 (5th Cir. 1982) (same). This threshold issue aside, the REAL ID Act of 2005 amended the Immigration and Naturalization Act such that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . a petition for review filed with an *appropriate court of appeals* in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . .

8 U.S.C.A. § 1252(a)(5) (West 2005) (emphasis added); *see also id.* § 1252(b)(9). Thus, it is the Second Circuit Court of Appeals, and not this court, which has jurisdiction to hear petitioner's challenge of his wife's deportation. *See Spina v. Dep't of Homeland Sec.*, 470 F.3d 116, 123 (2d Cir. 2006); *Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005); *Marquez-Almanzar v. I.N.S.*, 418 F.3d 210, 215 (2d Cir. 2005).

For this reason, the petition on behalf of Antonia Lamaison is dismissed for lack of jurisdiction. The court certifies pursuant to 28 U.S.C § 1915(a)(3) that any appeal from this Summary Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

DATED: Brooklyn, New York
February 2, 2010

/s/
DORA L. IRIZARRY
United States District Judge